UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Nelson Pena,<br><br>                              Plaintiff,<br>        -v-<br><br>220 East 197 Realty LLC, and<br>63 West L.L.C.,<br><br>                              Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Nelson Pena ("Plaintiff" or "Pena"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants 220 East 197 Realty LLC, and 63 West L.L.C. (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week; (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable federal minimum wage rate for each hour he worked for Defendants in a week, for each week during his employment with Defendants; and (iii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains that he was employed by Defendants and pursuant to the New York Labor Law ("NYLL") that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, (ii) entitled to unpaid minimum wages from Defendants for working and being paid less than the applicable New York State minimum wage rate for each hour worked for Defendants in a week; (ii) entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York

Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, 142-2.1, 142-2.2 and the regulations thereunder.

3. Plaintiff is also entitled to unpaid wages including non-overtime and overtime wages, and compensation for not receiving notices and statements required by NYLL § 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages – including liquidated damages on all wages paid later than weekly, interest, and attorneys' fees pursuant to Section § 198 of the New York Labor Law.

4. Plaintiff also complains that Defendants terminated and discharged him from his employment in discrimination and retaliation by Defendants because Plaintiff in good faith exercised his rights wages NYLL and the FLSA and opposed and complained of Defendant's attempts to deprive him of such wages. Such retaliatory termination violates the FLSA at 29 USC § 215 and NYLL § 215 and Plaintiff is entitled to and seeks to recover all damages available under these statutes.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

8. Plaintiff Nelson Pena ("Plaintiff" or "Pena") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

9. Upon information and belief, and at all times relevant herein, 220 East 197 Realty LLC ("220 East") was a New York for-profit Limited Liability Company.

10. Upon information and belief, and at all times relevant herein, Defendant 63 West L.L.C. ("63 West") was a New York for-profit Limited Liability Company.

11. Defendants 220 East and defendant 63 West were listed on Plaintiff's paystub and W-2 tax forms.

12. Upon information and belief and at all times relevant herein, Defendants individually and/or jointly controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions which they performed as to Plaintiff.

13. At all times relevant herein, Plaintiff was employed individually and/or jointly, by Defendants.

**STATEMENT OF FACTS**

14. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of hotel management and ownership within the New York tri-state area.

15. Upon information and belief, and at all relevant times herein, Defendants, individually and or jointly, employed over 10 employees at any given time.

16. Plaintiff was employed by Defendants from in or around 2014 to in or around April 2020.

17. At all times relevant herein, Plaintiff was employed by Defendants as a handyman/laborer performing all physical and manual tasks within this capacity including painting, repairs and construction, etc., in several of Defendants' hotels.

18. At all times relevant herein, Plaintiff was an hourly employee of Defendants and his last regular rate of pay was about $15 an hour.

3

19. At all times relevant herein, Plaintiff was not paid for each and all hours worked in a week including non-overtime and overtime hours, for each week during his employment with Defendants – Defendants had a policy and practice of automatically deducting 30 minutes daily for meal breaks from Plaintiff's work time. However, due to the demands of his job, Plaintiff did not receive a bona fide meal break within the meaning of the FLSA and NYLL. As a result of Defendants' unlawful practice, Plaintiff is owed wages including overtime wages for approximately 2.5-3 hours per week, for each week during his employment with Defendants.  In addition, Plaintiff was not paid any wages for about 3 overtime hours a week about 5 times a year when he worked beyond his schedule including in 2020 and Plaintiff was paid straight time for other overtime hours when he worked don a sixth day.

20. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendants, Plaintiff worked about 43-52 or more hours each week for Defendant, 5-6 days a week.

21. At all times relevant herein, Plaintiff was paid on a bi-weekly basis by Defendants, in violation of NYLL 191(1)(a)(i). See *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

22. A more precise statement of the hours and wages may be made when Plaintiff Pena obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

23. At all times relevant herein, Defendants, individually and/or jointly failed to pay Plaintiff at a rate of at least 1.5 times his regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during his employment with Defendants.

24. In addition to the unpaid wages set forth above, Plaintiff was not paid any wages for his last two weeks of work and is owed for about 86-100 hours for these two weeks of his employment with Defendants.

25. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

26. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3).

27. Upon information and belief, and at all times relevant herein, Defendants had revenues and/or transacted business in an amount exceeding $500,000 annually.

28. At all times applicable herein, Defendants, individually and/or jointly conducted business with vendors and other businesses outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants conducted business in interstate commerce involving medical equipment, and supplies.

30. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

31. Defendants as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

32. At all times applicable herein and upon information and belief, Defendants, individually and/or jointly transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

34. Upon information and belief, and at all relevant times herein, Defendants, individually and/or jointly, failed to display federal and state minimum wage/overtime posters.

35. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform

Plaintiff that he could seek enforcement of such rights through the government enforcement agencies. See i.e. *Veltri v. Building Service 32B-J Pension Fund*, 393 F.3d 318, 324 (2d Cir. 2004); *Kim v. Kum Gang, Inc.,* No. 12 CIV. 6344 MHD, 2015 WL 2222438, at 33–34 (S.D.N.Y. Mar. 19, 2015).

36. "Plaintiff" as used in this complaint refers to the named Plaintiff.

37. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

39. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the FLSA – 29 U.S.C 201 et Seq.

40. Upon information and belief, and at all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 206, 207.

41. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

42. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

43. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff a rate at least equal to the applicable federal minimum wage rate for each hour worked in a week, in violation of 29 U.S.C. § 206.

### Relief Demanded

44. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid minimum wages, overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION
### NYLL 650 et Seq. (Unpaid Overtime)

45. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 43 above as if set forth fully and at length herein.

46. At all times relevant to this action, Plaintiff were employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

47. At all times relevant herein, Defendants, individually and/or jointly, failed to pay and willfully failed to pay Plaintiff overtime compensation at rates not less than 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

48. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff at a rate that was at least equal to the applicable New York State minimum wage rate for each hour worked in a week in violation of the New York minimum Wage Act and its implementing regulations. N.Y. Lab. Law§§ 650 et seq.; 12 NYCRR § 142-2.1.

**Relief Demanded**

49. Due to Defendants' NYLL overtime violations, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his unpaid minimum wages, non-overtime and overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

50. Plaintiff alleges and incorporates each and every allegation contained herein with the same force and effect as if fully set forth at length herein.

51. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

52. Defendants violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff his unpaid overtime wages, (FLSA and NYMWA), and non-overtime wages, as required under NY Labor Law § 190 et seq.

53. At all times relevant herein, Defendants, individually and/or jointly failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing Defendants to comply with NYLL § 195(1).

54. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendants to comply with NYLL § 195(1).

**Relief Demanded**

55. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly his entire unpaid wages, including his unpaid minimum wages, overtime wages (FLSA and NYMWA), and non-overtime wages, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION – FLSA 29 USC § 215 and NYLL § 215,

56. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 55 above as if set forth fully and at length herein.

57. At all times relevant herein, Plaintiff was employed by Defendants, individually and/or jointly within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

58. At all times relevant herein, Defendants, individually and/or jointly were a covered person or entity within the meaning of the FLSA at 29 USC § 215 and New York Labor Law §§ 2, 215 and 651 and the regulations thereunder.

59. Prior to August 2020, Defendants mailed to Plaintiff several checks constituting wages which were intended to compensate Plaintiff and which Plaintiff cashed. However, Defendants confronted Plaintiff on August 12, 2020 and accused him of cashing one of the check even though the check improperly even though Plaintiff cashed the check in good faith believing that it was a check for wages along with the other wage checks. Based on their allegation of overpayment because Plaintiff cashed the subject check, Defendants terminated Plaintiff on or about August 14, 2020. Plaintiff was being shorted overtime pay throughout his employment with Defendants. In good faith belief that he was owed the subject wages paid to him by Defendants, especially where one would not reasonably expect Defendants to pay to Plaintiff wages it did not owe him, Plaintiff deposited and spent some or all of the subject

9

wages.

60. Defendants discharged/terminated Plaintiff's employment with it in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 and the NYLL §§ 215, for engaging in protected activity and because of Defendant's practice as further set forth above.

61. Even if the subject wages accepted by Plaintiff in good faith constituted a bona fide overpayment (it did not), Defendants' termination of Plaintiff was unlawful because Defendants failed to comply with and follow the procedures set forth in NYLL § 193 – including NYLL § 193(1)(c) and (d), and the regulations thereunder for the recoupment of wage overpayments, including 12 NYCRR § 195-5.1.

62. A notice of this action/claim was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

## Relief Demanded

63. Defendants' New York Labor Law violations, have caused and proximately caused Plaintiff to suffer damages and Plaintiff is entitled to recover from Defendants, individually and/or jointly, all available damages, including his lost wages, reinstatement, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including § 215.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

64. Declare Defendants, individually and/or jointly, to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

65. As to the **First Cause of Action**, award Plaintiff his unpaid minimum wages, overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

66. As to the **Second Cause of Action**, award Plaintiff his unpaid minimum wages, overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

67. As to the **Third Cause of Action**, award Plaintiff, his unpaid wages including his entire unpaid wages, including his unpaid minimum wages, overtime wages, (FLSA and NYMWA), and non-overtime wages, accrued and earned time, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

68. As to the **Fourth Cause of Action**, award Plaintiff all damages available under the FLSA at 29 USC § 215 and NYLL §§ 215, including his lost wages, reinstatement/front pay, maximum liquidated damages, other damages, attorneys' fees, and costs of the action, pursuant to the FLSA at 29 USC § 215 and NYLL including §§ 215;

69. Award Plaintiff prejudgement interest on all monies due;

70. Award Plaintiff any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

71. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **August 30, 2020**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)

215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF