# EXHIBIT B

# CONFIDENTIALITY, POST-EMPLOYMENT, AND ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

This Agreement is made as of January 28, 2013 by Nelson Pena (hereinafter, "I", "my" or the "Employee") in favor of 220 East 197 Realty LLC (the "Company"). In consideration of my employment and/or continued employment by the Company with enhanced compensation or benefits, I agree as follows:

## 1. Confidential Information

(a) **Definition:** "Confidential Information" means the proprietary information and trade secrets of Company and its customers as described below:

(i) Included in "Confidential Information" are the object code and source code to Company's software, Company's marketing plans and strategies (including pricing), Company's plans for new product development, Company's technical designs, Company's data dictionaries, information related to Company's financial status, databases, manuals, records, systems, carrier information, vendor information, accounting information, accounting records, legal information, marketing information, pricing information, credit information, payroll information, personnel information, employee lists, carrier lists, vendor lists, internal controls, security procedures, market studies, sales information, revenue, costs, formulae, notes, communications, algorithms, product plans, business plans, ideas, inventions, developments, original works of authorship, customer and contact information and customer and contact lists of the Company or any affiliated businesses or any listing or information about prospective customers and any other information that Company marks confidential or by separate e-mail or memorandum informs me is confidential.

(ii) Also included in "Confidential Information" is any information of Company's customers or prospective customers that I have access to in performing my employment duties for Company.

(iii) Excluded from "Confidential Information" is information that (x) I can prove was in my possession before I received it from the Company, (y) is in the public domain through no fault of my own, or (z) I learned from a third party not related to Company. Information licensed by Company to customers under confidentiality restrictions is not considered to be in the public domain.

(b) **Non-Disclosure.** I agree that I will not disclose Confidential Information to any third party not employed by Company unless Company authorizes me to do so in writing. I further agree that I will not use Confidential Information for any purpose except to perform my employment duties for Company.

(c) **Duration of Confidentiality Obligations.** I understand and acknowledge that the obligations under this Agreement with regard to any particular Confidential Information

# CONFIDENTIALITY, POST-EMPLOYMENT, AND ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

shall commence immediately upon my first having access to such Confidential Information (whether before or after Employee begins employment with Company) and shall continue during and after my employment by Company until such times such Confidential Information has become public knowledge other than as a result of my breach of this Agreement or breach by those acting in concert with me or on my behalf.

**2. Return of Company Property.** Upon termination of my employment with Company, I will promptly deliver to Company, without copying or summarizing, all material related to Company's business that is in my possession or under my control, including, without limitation, all physical property, keys, documents, lists, electronic information storage media, manuals, letters, notes and reports.

**3. Works Made For Hire.** I understand that any work that I create or help create at the request of Company, including software, user manuals, training materials, sales materials, and other written and visual works, are works made for hire in which Company owns the copyright. I may not reproduce or publish these copyrighted works, except in the pursuit of my employment duties.

**4. Prior Agreements.** I have provided Company copies of all agreements with previous employers under which I have agreed not to compete or otherwise agreed to limit the use of trade secrets.

**5. Full Time Employment.** While I am employed by Company, I will devote my full time best efforts to Company's business and will not engage in any other business or employment without the prior written approval of Company's President or a Senior Executive of the company reporting directly to the President.

**7. Alternative Dispute Resolution**
(a) **Arbitration.** Any dispute or claim that arises out of or that relates to Employee's employment with Company, termination of employment or in any way arises out of or that is based upon the employment relationship (including any wage claim, any claim for wrongful termination, or any claim based upon any statute, regulation, or law, including, but not limited to, those dealing with employment discrimination, sexual harassment, civil rights, age, or disabilities), including tort claims (except a tort that is a "compensable injury" under Workers' Compensation Law), shall be settled by arbitration administered by the American Arbitration Association in accordance with its Employment Dispute Arbitration Rules, except that unless prohibited by controlling law for any given arbitration proceeding the losing party, as determined by the arbitrator, shall pay all the arbitrator's fees. Judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This arbitration commitment does not apply to any claims that cannot lawfully be subject to a binding arbitration agreement under any controlling

## CONFIDENTIALITY, POST-EMPLOYMENT, AND ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

federal, state or local statutes or regulations. The arbitration shall be governed by the Federal Arbitration Act, 9 U.S.C. 1, et seq.

Nothing in this Agreement prevents Employee from making a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, National Labor Relations Board, Occupational Safety and Health Administration, or law enforcement agencies. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent or exhausting administrative remedies under applicable law before bringing a claim in arbitration. The Company will not retaliate against Employee for filing a claim with an administrative agency or for exercising rights (individually or in concert with others) under Section 7 of the National Labor Relations Act. This Agreement also does not prevent or prohibit Employee in any way from reporting, communicating about, or disclosing claims for discrimination, harassment, retaliation, or sexual abuse.

(b) **Statute Of Limitation.** No demand for arbitration may be made after the date when the institution of legal or equitable proceedings based on such claim or dispute would be barred by the applicable statute of limitation.

(c) **Limitation Of Liability.** The arbitrator is not authorized to award punitive or other damages not measured by the prevailing party's actual damages and in all cases shall be limited to a total award no greater than an amount equal to one year of base salary for the employee.

(d) **Injunctive Relief.** A party may apply to the arbitrator seeking injunctive relief until an arbitration award is rendered or the dispute is otherwise resolved. A party also may, without waiving any other remedy, seek from any court having jurisdiction any interim or provisional relief that is necessary to protect the rights or property of that party pending the arbitrator's appointment or decision on the merits of the dispute.

(e) **Waiver of Class Action.** Company and Employee agree that any and all claims subject to arbitration under this Agreement may be instituted and arbitrated only in an individual capacity, and not on behalf of or as a part of any purported class, collective, representative, or consolidated action (collectively referred to in this Agreement as a "Class Action"). Further, Company and Employee agree that neither party can initiate a Class Action in court or in arbitration in order to pursue any claims that are subject to arbitration under this Agreement. Moreover, neither party can join a Class Action or

## CONFIDENTIALITY, POST-EMPLOYMENT, AND ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

participate as a member of a Class Action instituted by someone else in court or in arbitration in order to pursue any claims that are subject to arbitration under this Agreement. It is Company's and Employee's intent to the fullest extent permitted by law to waive any and all rights to the application of Class Action procedures or remedies with respect to all claims subject to this Agreement. It is expressly agreed between Company and Employee that any arbitrator adjudicating claims under this Agreement shall have no power or authority to adjudicate Class Action claims and proceedings or to rule on the validity and enforceability of the Class Action waiver provided for herein. If this Class Action waiver is held to be invalid or unenforceable by a court of competent jurisdiction, the parties agree that any consolidated, collective, representative or class claims must be brought in a civil court of competent jurisdiction; the parties do not consent to consolidated, collective, representative or class arbitration.

(f) **Attorney's Fees.** If the arbitrator determines that a party has generally prevailed in the arbitration proceeding, then the arbitrator shall award to that party its reasonable out-of-pocket expenses related to the arbitration, including filing fees, attorney's fees and legal costs and the losing party shall be required to pay such fees and costs in addition to the arbitrator's fees.

(g) **Confidentiality.** The arbitration proceedings and arbitrator's award shall be maintained by the parties as strictly confidential, except as is otherwise required by court order or as is necessary to confirm, vacate or enforce the award.

(h) **Paying for Arbitration.** Employee and the Company shall follow the AAA Rules applicable to initial filing fees, but in no event will Employee be responsible for any portion of those fees in excess of the filing or initial appearance fees applicable to court actions in the jurisdiction where the arbitration will be conducted. The Company shall pay any remaining portion of the initial fee and also will pay all costs and expenses unique to arbitration, including without limitation the arbitrator's fees. Each party will pay for its own costs and attorneys' fees, if any, except that the arbitrator may award reasonable fees to the prevailing party as provided by law. The arbitrator will resolve any disputes regarding costs/fees associated with arbitration.

8. **Entire Agreement; Modifications; and Captions.** This Agreement is my entire agreement with Company with respect to its subject matter and supersedes any prior written or oral understandings pertaining thereto. My obligations under the Agreement may not be changed in whole or in part except by a written agreement signed by (a) the President of Company or a Senior Executive of the company reporting directly to the President and (b) me and which specifically refers to this Agreement. Any captions and headings are purely for the convenience of the reader and shall not be used to interpret or construe this Agreement.

# CONFIDENTIALITY, POST-EMPLOYMENT, AND ALTERNATIVE DISPUTE RESOLUTION AGREEMENT

**9. Severability.** I agree that the provisions of this Agreement are fair and reasonable in light of my employment relationship with Company and the nature of Company's business. Nevertheless, if a court of competent jurisdiction should invalidate any provision of this Agreement including any clause or subsection herein, all other provisions, clauses and subsections shall survive and remain valid and enforceable. If a court of competent jurisdiction should decline to enforce any provision, clauses or subsections on the ground that it is overly broad or unreasonable, that provision shall be narrowed only to the extent required so that it may be enforceable under State law.

**10. Governing Law.** The interpretation of this Agreement and the obligations hereunder are governed by the laws of the State of New York.

ACCEPTED AND AGREED TO:

Date: 1/28/13

_____
Employee Signature

ACCEPTED ON BEHALF OF THE COMPANY:

Date: 1/28/13

By: _____

Title: Manager