UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NELSON PENA,
                            Plaintiff,

        -v-

220 EAST 197 REALTY LLC, *et al.*,
                            Defendants.

20-CV-7039 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Plaintiff Nelson Pena moves to vacate this Court's July 23, 2021 Opinion and Order compelling arbitration and staying this litigation pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, Pena's motion is denied.

## I. Legal Standard[1]

    Rule 60(b) provides that "the court may relieve a party . . . from a *final* judgment, order, or proceeding for" any of the reasons stated therein. Fed. R. Civ. P. 60(b) (emphasis added). "The standard test for whether a judgment is 'final' for Rule 60(b) purposes is whether the judgment is sufficiently 'final' to be appealed." *In re Shengdatech, Inc. Secs. Litig.*, No. 11 Civ. 1918, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015) (alteration omitted) (collecting cases).

## II. Discussion

    The Court's July 23, 2021 Opinion and Order does not fall within the ambit of Rule 60(b). An order compelling arbitration and staying litigation is not a final judgment, order, or proceeding. *See Cohen v. UBS Fin. Servs., Inc.*, No. 12 Civ. 2147, 2014 WL 240324, at *4 (S.D.N.Y. Jan. 22, 2014) (holding that Rule 60(b) was "inapplicable" to an order granting a

---

[1] The Court presumes familiarity with the facts of this case as set out in its July 23, 2021, Opinion and Order. *See Pena v. 220 E. 197 Realty LLC*, No. 20 Civ. 7039, 2021 WL 3146031, at *1 (S.D.N.Y. July 23, 2021).

motion to compel arbitration); *Usinor Steel Corp. v. M/V Konigsborg*, No. 03 Civ. 4301, 2004 WL 230910, at * 3 (S.D.N.Y. Feb.6, 2004) (holding that a stay during arbitration "is not appealable as a final order"). Accordingly, the Court denies Pena's motion to vacate the July 23, 2021 Opinion and Order.[2]

### III. Conclusion

For the foregoing reasons, Pena's motion vacate is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 23.

SO ORDERED.

Dated: May 3, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] Even if the Court were to treat Pena's Rule 60(b) motion as a motion for reconsideration under Rule 59, it would still deny the motion as untimely. Local Rule 6.3 requires parties to move for reconsideration "within fourteen days after the entry of the Court's determination of the original motion." Pena filed his motion twenty-nine days after the July 23, 2021, Opinion and Order (*see* Dkt. No. 23). *See Belya v. Kapral*, No. 20 Civ. 6597, 2021 WL 2809604, at *1 (S.D.N.Y. July 6, 2021) (denying a motion for reconsideration as untimely under Local Rule 6.3 because the motion was filed 28 days after the court's order); *see also McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F.Supp.3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.").